# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-00608-RJC-SCR

| | |
|---|---|
| TAMARA WATSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| BAR EDUCATION, INC., ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss or Compel Arbitration (Doc. No. 7), as well as the parties' briefs and exhibits. (Doc. Nos. 7-1, 7-2, 8 & 9).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record and the applicable authority, Defendant's Motion to Compel Arbitration is granted, and this action is stayed pending arbitration. Defendant's Motion to Dismiss is administratively denied as moot.

## I.   FACTUAL BACKGROUND AND PROCEDURE HISTORY

Plaintiff initiated this lawsuit against Defendant alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C §§ 2601 et seq. and Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C §§ 12101 et seq. (Compl., Doc. No. 1 ¶ 1). Plaintiff was employed by Defendant from July 2020, until August 19, 2022, when she was terminated after a "disciplinary meeting." Id. ¶¶ 12 & 18. The day of her job termination, Plaintiff had returned from approved medical leave from July 1, 2022, to August 18, 2022, which was taken to recover

from surgery addressing her cancer diagnosis. Id. ¶¶ 17 & 18. Plaintiff's cancer diagnosis "substantially limited one or more major life activities" and "constitute[d] disability under applicable law." Id. ¶ 14. On August 11, 2022, while Plaintiff was on leave, Defendant allegedly posted a job listing for Plaintiff's job. Id. ¶ 19.

Plaintiff claims Defendant intentionally discriminated against her, violated the ADA, and retaliated against her after she requested "reasonable accommodations and use of protected medical leave." Id. ¶¶ 31, 35, 44 & 50.

Defendant filed a Motion to Dismiss or Compel Arbitration (Doc. No. 7), attaching to its Motion an exhibit labeled "EMPLOYEE ARBITRATION AGREEMENT" (the "Agreement") electronically signed on July 13, 2020, by Plaintiff, and electronically signed by the employer on July 15, 2020. (Doc. No. 7-2).[1] Paragraph 6 of the Agreement contains the Arbitration provision, which states:

> Any controversy or claim arising out of or relating to Employee's employment, Employee's separation from employment, and this Agreement, including, but not limited to, claims or actions brought pursuant to federal, state or local laws regarding payment of wages, tort, discrimination, harassment and retaliation, except where specifically prohibited by law, shall be referred to and finally resolved exclusively by binding arbitration in Fort Lauderdale, Florida, in accordance with the Employment Law Arbitration Rules of the American Arbitration Association, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Notwithstanding the above, Employee agrees that there will be no right or authority, and hereby waives any right or authority, for any claims within the scope of this Agreement to be brought, heard or arbitrated as a class or collective action, or in a representative or private attorney general capacity on behalf of a class of persons or the general public. Filing and arbitrator fees shall be in accordance with the arbitration rules and any applicable laws. The arbitrator shall have the authority to apportion the filing fee and costs of arbitration with the presumption that the prevailing party shall be entitled to recover all legitimate costs. Unless provided by statute to the contrary, each party shall bear its/his/her own attorneys fees. Notwithstanding the provisions of this paragraph, nothing in this Agreement precludes Employee from filing charges with a governmental agency,

---

[1] As the Fourth Circuit has recognized, "courts may examine evidence outside the pleadings—including . . . the contract containing the applicable arbitration clause" in considering a Rule 12 motion. Amos v. Amazon Logistics, Inc., 74 F.4th 591, 593 n.2 (4th Cir. 2023).

including, but not limited to the National Labor Relations Board ("NLRB") or the Equal Employment Opportunity Commission ("EEOC").

Id. ¶ 6.

## II. DISCUSSION

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3; Smith v. Spizzirri, 144 S. Ct. 1173, 1173 (2024). The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility, LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). "[C]ourts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 570 U.S. 228, 233 (2013) (internal quotations omitted). When reviewing a motion to compel arbitration, courts construe the record in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. Forshaw Indus., Inc. v. Insurco, Ltd., 2 F. Supp. 3d 772, 785 (W.D.N.C. 2014). "The burden is on the defendant to establish the existence of a binding contract to arbitrate the dispute." Hodge v. Toyota Motor Credit Corp., No. 1:22-CV-00001-MR-WCM, 2022 WL 2195022, at *2 (W.D.N.C. June 17, 2022) (quoting Rowland v. Sandy Morris Fin. & Estate Planning Servs. LLC, 993 F.3d 253, 258 (4th Cir. 2021)).

Here, both parties argue the FAA applies, and the Court agrees. (Doc. No. 7-1 at 3-4; Doc. No. 8 at 4). A party seeking to compel claims to arbitration under the FAA must establish that: "(1) a dispute exists between the parties; (2) the dispute falls within the scope of a written, valid agreement that includes an arbitration provision; (3) the parties' agreement relates to interstate or foreign commerce; and (4) the opposing party has failed or refused to arbitrate the dispute at hand."

Amos v. Amazon Logistics, Inc., 74 F.4th 591, 595 (4th Cir. 2023) (citing Adkins v. Lab Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 1971)). Here, a dispute exists between the parties, the Agreement relates to interstate or foreign commerce, and Plaintiff has refused to arbitrate the dispute to date. The only issue in dispute is whether there is a written, valid agreement that includes an arbitration provision. In this respect, the Court must determine whether a valid, binding arbitration agreement exists between the parties and whether the dispute falls within the scope of the arbitration agreement. See Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)).

1. **Validity of the Agreement**

The validity of an arbitration agreement is determined by the application of state law principles governing formation of contracts. See First Options of Chicago, Inc., 514 U.S. at 944; Rogers v. Tug Hill Operating, LLC, 76 F.4th 279, 285 (4th Cir. 2023). Under North Carolina law,[2] "[t]he essential elements of a valid, enforceable contract are offer, acceptance, and consideration." Lewis v. Lester, 760 S.E.2d 91, 93 (N.C. Ct. App. 2014) (citing Copy Products, Inc. v. Randolph, 303 S.E.2d 87, 88 (N.C. Ct. App. 1983)). When formulating a contract, both parties "must assent to the same thing in the same sense," and their minds must meet as to all the terms." Rider v. Hodges, 804 S.E. 242, 246 (N.C. Ct. App. 2017). If a portion of the agreement is not settled, there is no "meeting of the [parties'] minds," and the contract is not enforceable. Id.

Plaintiff does not dispute her signature to the Agreement, but instead argues the Agreement is not valid and enforceable because "ambiguity exists as to the material terms as the complete

---

[2] Both parties cite North Carolina law in their briefs on the issue of whether there is a valid contract. (Doc. No. 9 at 4; Doc. No. 8 at 6-7). There is no forum selection clause in the Agreement, but states binding arbitration will take place in Fort Lauderdale, Florida. (Doc. No. 7-2 ¶ 6). The Court has applied North Carolina law, but even if Florida law were to apply, the decision of this Court is still the same. See Knowing v. Manavoglu, 73 So.3d 302, 303 (Fla. Dist. Ct. App. 2011); King v. Bray, 867 So.2d 1224, 1227 (Fla. Dist. Ct. App. 2004).

omission of the matter of allocations of costs for arbitration filing and fees." (Doc. No. 8 at 3). While creative, the Court does not find this argument to have merit. Indeed, the Agreement is not silent as to the costs and fees for arbitration. Paragraph 6 of the Agreement expressly provides:

> Filing and arbitrator fees shall be in accordance with the arbitration rules and any applicable laws. The arbitrator shall have the authority to apportion the filing fee and costs of arbitration with the presumption that the prevailing party shall be entitled to recover all legitimate costs. Unless provided by statute to the contrary, each party shall bear its/his/her own attorneys fees.

(Doc. 7-2 ¶ 6).

This plain language alone renders Plaintiff's argument unavailing. The analysis could end here, but the Court will address Plaintiff's remaining arguments. In addition, the Agreement references that arbitration shall take place "in accordance with the Employment Law Arbitration Rules of the American Arbitration Association." Id. These Rules address expenses, fees, and costs in even greater detail. Plaintiff acknowledges Rule 45, but claims it too is insufficient. (Doc. No. 8 at 5-6). Rule 45 states:

> Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses. All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator shall be borne in accordance with the Costs of Arbitration section.

AAA Employment Arbitration Rules, Rule 45. However, as the Defendant pointed out, Rule 39 also addresses costs and fees by giving the arbitrator the power to assign them:

> The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Rules 43, 44, and 45 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA, subject to the provisions contained in the Costs of Arbitration section.

AAA Employment Arbitration Rules, Rule 39(d). The Costs of Arbitration referenced in both Rules 45 and 39, among other Rules, further spell out the specific filing and other fees, expenses

and costs. Accordingly, the Court rejects Plaintiff's contention that the Arbitration Agreement is ambiguous and instead finds that the Arbitration Agreement between the parties is valid and enforceable. See Green Tree Fin. Corp-Ala. v. Randolph, 531 U.S. 79, 91 (2000) (rejecting similar arguments that an arbitration agreement was unenforceable because "it says nothing about the costs of arbitration" and fails to provide her "protection" from "substantial costs.").

**2. Scope of the Agreement**

Defendant has asserted that the Agreement covers the claims asserted by Plaintiff, and notes the Plaintiff has brought claims under federal law, under both the FMLA and ADA, and the Agreement requires that all claims or actions brought pursuant to federal law shall be referred to final binding arbitration. Other than citing applicable case law, Plaintiff did not substantively address or challenge that her claims are within the scope of the Agreement. Therefore, any argument in this respect would be waived. See Bigelow Corp. Hounds Town USA, LLC, No. 3:23-CV-00134-FDW-SCR, 2023 WL 4939386, at *3 (W.D.N.C. Aug. 2, 2023) (quoting Brown v. Nucor Corp., 785 F.3d 895, 923 (4th Cir. 2015) ("The Fourth Circuit made clear that a 'party waives an argument … by failing to develop its argument'"). In any event, the Agreement expressly provides that the parties agreed to arbitrate:

> Any controversy or claim arising out of or relating to Employee's employment, Employee's separation from employment, and this Agreement, including, but not limited to, claims or actions brought pursuant to federal, state or local laws regarding payment of wages, tort, discrimination, harassment and retaliation . . . .

(Doc. No. 7-2 at 2).

The Court further notes that Defendant requested dismissal under 12(b)(1) upon submitting the claims to arbitration, but the Supreme Court recently held in Smith v. Spizzirri that when a court finds that a lawsuit involves an arbitrable dispute, the court must stay and not dismiss mandatory arbitration claims because "case, text, structure, and purpose all point" to the courts not

having "discretion to dismiss" mandatory arbitration claims. 144 S. Ct. at 1173. While this decision came after the parties' briefing, no party requested to file supplemental briefing and the Court finds supplemental briefing on <u>Spizzirri</u> is unnecessary because it would not aid the decisional process. Additionally, both parties cited and properly recognized Fourth Circuit law on this issue at the time the briefing was filed. (Doc. No. 8 at 7-8; Doc. No. 7-1 at 6-7).

Considering all of this, the Court <u>grants</u> Defendant's Motion to Compel Arbitration and <u>stays</u> this matter pending arbitration.

### III. ORDER

**IT IS, THEREFORE, ORDERED that:**

1. Defendant's Motion to Dismiss or Compel Arbitration (Doc. No. 7) is **GRANTED IN PART**. Specifically, Defendant's Motion to Compel Arbitration (Doc. No. 7) is **GRANTED**. The parties are **ORDERED** to submit this matter to arbitration in accordance with the Arbitration Agreement.

2. This matter is **STAYED** pending the outcome of the parties' binding arbitration. <u>See</u> 9 U.S.C. § 3. It is further **ORDERED** that the parties shall file a status report within 90 days of this Order, and each 90 days thereafter, until the conclusion of the arbitration.

3. Defendant's Motion to Dismiss is administratively **DENIED AS MOOT**.

4. The Clerk shall send copies of this Order to the parties' counsel and to the <u>Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: September 23, 2024

*Susan C. Rodriguez*
Susan C. Rodriguez
United States Magistrate Judge